IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SABAL TRAIL TRANSMISSION, LLC, *

    Plaintiff, *
                                                  CASE NO.
vs.                                    * 4:16-cv-125 (Estate Of Willie
                                                 C. Walker, Jr. & Josephine
REAL ESTATE *et al.*,              * Walker, *et al.*)

    Defendants. *

## O R D E R

Presently pending before the Court is Plaintiff Sabal Trail Transmission, LLC's summary judgment motion on the issue of just compensation in this condemnation action. As discussed below, the Court grants Sabal Trail's motion (ECF No. 41) and finds that $382.00 is just compensation for the easements.

**I. Background**

Plaintiff Sabal Trail Transmission, LLC received authorization from the Federal Energy Regulatory Commission to build an interstate natural gas pipeline. Sabal Trail brought this condemnation action under the Natural Gas Act, 15 U.S.C. §§ 717-717z, seeking permanent and temporary easements over one tract of land in Webster County, Georgia. According to Sabal Trail, the property was part of the Estate Of Willie C. Walker, Jr. & Josephine Walker, and Sabal Trail named as Defendants in this action the Estate and individuals "known to

have or claim an interest in the Property from which easements and associated rights are sought to be condemned." Compl. ¶ 5, ECF No. 1.  Each Defendant was served personally with notice of this action in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(A) or by publication in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(B).

On June 10, 2016, the Court concluded that Sabal Trail was entitled to possession of the easements it sought once it posted a security bond.  *Sabal Trail Transmission, LLC v. Estate*, No. 4:16-CV-108, 2016 WL 3248367, at *12-*13, *18 (M.D. Ga. June 10, 2016), amended, No. 4:16-CV-108, 2016 WL 3251577 (M.D. Ga. June 10, 2016).  Sabal Trail posted the security bond on July 1, 2016.  Pl.'s Notice of Posting Security Bonds, July 1, 2016, ECF No. 35.  The only remaining issue is just compensation.

**II. Discussion**

Just compensation means "the fair market value of the property on the date of the taking." *United States ex rel.TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016) (citing *United States v. Miller*, 317 U.S. 369, 373-74 (1943)). In a partial takings case like this one, just compensation "is the difference in fair market value of the whole tract before and after the taking."  *Id.* (quoting *United States ex rel. TVA v. Easements and Rights-of-Way over 6 Acres of Land*, 117 F. App'x 422, 423 (6th Cir. 2004)); *accord United States v.*

*33.92356 Acres Of Land*, 585 F.3d 1, 9 (1st Cir. 2009) (collecting cases); *United States v. 68.94 Acres of Land, More or Less, Situate in Kent Cty., State of Del.*, 918 F.2d 389, 393 (3d Cir. 1990). Generally, "market or comparable sales data . . . is the best evidence of market value." *1.72 Acres of Land in Tenn.*, 821 F.3d at 757.

Sabal Trail argues that just compensation for the easements in this case is $382.00. Pl.'s Mem. in Supp. of Mot. for Summ. J. 2, ECF No. 41-1. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this condemnation case, Defendants have the "burden to prove, by a preponderance of the evidence, what amount constitutes just compensation." *1.72 Acres of Land in Tennessee*, 821 F.3d at 756. Defendants were entitled to "present evidence on the amount of compensation to be paid." Fed. R. Civ. P. 71.1(e)(3). None of the Defendants responded to Sabal Trail's summary judgment motion or presented any evidence on what amount constitutes just compensation for the easements.

Sabal Trail did present evidence on the issue of just compensation: the expert report of J. Carl Schultz, Jr., a certified real property appraiser. Schultz Report, ECF No. 43 at 6-148. Schultz conducted an appraisal of the property and

3

concluded that the "before" value of the parcel as of July 1, 2016 was $89,400.00 and the "after" value, taking into account the temporary and permanent easements, was $89,018.00.  *Id.* at 9.  Therefore, according to Schultz, just compensation for the easements in this case is $382.00.  *Id.*  Again, Defendants did not present any evidence on the issue of just compensation.  Based on the evidence before it, the Court concludes that $382.00 is just compensation for the easements in this case.

**III. Payment of Compensation by Sabal Trail and Claimant's Application for Obtaining Disbursement**

Within twenty-eight days of the date of this Order, Sabal Trail shall pay into the registry of the Court $382.00 plus prejudgment interest from the date of the taking (July 1, 2016), which shall be calculated at a legal rate of interest of seven percent per annum simple interest.  Once this amount is paid into the registry of the Court, the security bond previously posted by Sabal Trail shall be released.

Defendants may apply to the Court for distribution of the award in accordance with their respective ownership interests. Defendants may apply for a distribution of the award by sending an application to the Clerk of Court, P.O. Box 124, Columbus GA 31902.  The Clerk shall docket each application electronically. The application should include:

- ♦ The applicant's name, address, and email address (if any).

- The applicant's claimed interest in the property and the basis for that claim.

- Proof of the applicant's interest in the property.

Applications must be postmarked by **December 1, 2017.** Any questions regarding the application process should be directed to the Clerk's office via telephone (706-649-7816) or email ([columbus.ecf@gamd.uscourts.gov](columbus.ecf@gamd.uscourts.gov)). If multiple applications are received, the Court will schedule a hearing to determine how the proceeds should be distributed.

**IV. Providing Notice to Defendants**

None of the Defendants have registered for electronic filing through the Court's electronic filing system and thus will not receive electronic notice of this Order automatically. The Clerk shall serve a copy of this Order via U.S. mail on each of the Defendants listed in Appendix A to this Order. And, within seven days of the date of this Order, Sabal Trail shall mail a copy of this Order to any Defendant who is not listed in Appendix A but whose address is known to Sabal Trail.

Sabal Trail shall also assist the Court with service of this Order by publication on those Defendants whom Sabal Trail represents could not be located despite a diligent search. Those Defendants are listed in Appendix B to this Order. Based on Sabal Trail's prior representations, the appropriate newspaper for publication of this notice is *The Stewart-Webster*

*Journal*. Within twenty-eight days of the date of this Order, Sabal Trail shall:

1. Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements set forth in Federal Rule of Civil Procedure 71.1(d)(3)(B).[1]

2. Provide to the Clerk a check made out to the publisher for the cost of publishing the notice; and

3. Prepare and submit to the Clerk a proposed notice to be published.

Once Sabal Trail provides the cover letter, check, and proposed notice to the Clerk, the Clerk shall submit these items to the publisher and cause publication of the notice. The Clerk shall note on the docket when this task is complete. Once publication is complete, Sabal Trail shall obtain and submit to the Court via CM/ECF a publisher's affidavit demonstrating that the notice was published.

**V. Legal Title to Easements**

After Sabal Trail pays into the registry of the Court the amount stated above and files the publisher's affidavit demonstrating that notice of this Order was published, Sabal Trail shall submit to the Court a proposed final order vesting Sabal Trail with legal title to the permanent and temporary easements.

---

[1] The Court recognizes that Rule 71.1(d)(3)(B) provides the procedure for service of an initial condemnation notice by publication. The Court finds that this procedure should be used to notify Defendants who could not be located of the just compensation award and the process for applying for a share of the award.

IT IS SO ORDERED, this 21st day of August, 2017.

                                               S/Clay D. Land
                                               CLAY D. LAND
                                               CHIEF U.S. DISTRICT COURT JUDGE
                                               MIDDLE DISTRICT OF GEORGIA

## APPENDIX A

The Clerk shall serve a copy of this Order via U.S. mail on each of the following Defendants:

Arthur Battle, Jr.
GDC ID: 0000972325
Jenkins Correctional Center
3404 Kent Farm Drive
Millen, GA 30442

Bryan Battle
102 Shadow Pond Road
Dublin, GA 31021

Bryan Battle
902 Treecrest Pkwy
Decatur GA 30035

Tanesha Battle
3108 Snapfinger Court
Decatur, GA 30034

Deborah Bolton
857 Glynn Oaks Drive
Clarkston, GA 30021

W.C., a minor c/o Regina Walker
457 Mount Vista Road
Stone Mountain, GA 30087

Jermaine Davis
3050 Garnet Way
Atlanta, GA 30349

Anthony Flannigan
301 Eastwyck Circle
Decatur, GA 30032

Darnell Flannigan
1402 Almont Drive
Atlanta, GA 30310

Gregory Flannigan
195 Wright Street
Lavonia, GA 30553

Teressa W. Johnson
195 Wright Street
Lavonia, GA 30553

Malik Silas
457 Mount Vista Road
Stone Mountain, GA 30087

Lee Owen Walker, Jr.
4237 Ridgetop Trail
Ellenwood, GA 30294

Paul Walker
115 Walden Walk Drive
Stone Mountain, GA 30088

Regina Walker
457 Mount Vista Road
Stone Mountain, GA 30087

Tommie Walker, II
1528 Brantley Court, NW
Atlanta, GA 30314

Tommie Walker, III
2421 Wingfield Drive
Austell, GA 30106

Tony Walker
115 Walden Walk Drive
Stone Mountain, GA 30088

Travis Walker
115 Walden Walk Drive
Stone Mountain, GA 30088

Joseph Yancey
1600 Van Vleck Avenue
Atlanta, GA 30316

## APPENDX B

The following Defendants may be served with a copy of this Order by publication:

Kelvin Battle
Iris Davis
Sebrina Davis
Senoia Davis
Estate Of Willie C. Walker, Jr. & Josephine Walker
Candace Flannigan
Sherrice Flannigan
Steven Jones
Angel Silas
Michael Silas
Leon Walker
Tomekia Zachary